[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The defendant, Paul Hudon, has moved for summary judgment on the grounds that the applicable statute of limitations,52-577 of the Connecticut General Statutes, bars the action. The two counts of the complaint are entitled, "Abuse of Process" and "Persons acting in Concert." Both of the counts of the complaint sound in tort. Section 52-577 provides:
 Action founded upon a tort. No action rounded upon a tort shall be brought but within three years from the date of the act or omission complained of.
The three year statute of limitations, 52-577, is applicable to all tort actions other than those actions carved out of 52-577 and enumerated in 52-584 or another section. United Aircraft Corporation v. International Assn. of Machinists, 161 Conn. 79, 107, 285 A.2d 330 (1971)
Hudon claims that all of the acts alleged in the complaint took place on or before August 7, 1989 and that the writ was signed by the Assistant Clerk and served on Hudon on October 21, 1992. However, paragraph 28 of the first count of the complaint of October 21, 1992 alleges that Hudon failed to pay over a deposit to the plaintiff Rosalie Benny Zanoni. The complaint does not allege the date of this failure, but the plaintiffs have presented affidavits and various documents which indicate that the failure occurred after November 1, 1989. The first count contains an amalgamation of various causes of action. The defendant never requested that that CT Page 9734 count be revised to separate the various causes of action. Therefore, with respect to that count there appears to be a material issue of fact concerning the date on which the alleged tortious conduct of Hudon occurred, and the court must deny the summary judgment as to count one.
The second count of the complaint alleges only acts of Hudon which occurred prior to August 7, 1989, the date of death of Helen A. Benney, for whom Hudon was acting as conservator. In their Memorandum in Opposition to the Motion for Summary Judgment the plaintiffs have referred to certain acts of Hudon which took place after October 21, 1989. However, those acts are not alleged in the second count of the complaint and evidence of those acts cannot be considered by this court. The proposition that the pleadings frame the issues before the trial court is well established in our case law. Doublewal Corp. v. Toffolon, 195 Conn. 384, 390,488 A.2d 444 (1985).
The plaintiffs have also alleged that 52-577 should be tolled under 52-595 because Hudon fraudulently concealed the existence of a cause of action. Fraudulent concealment of a fact upon which the plaintiff could base his cause of action must be affirmatively plead. Rosenblatt v. Berman, 143 Conn. 31,40, 119 A.2d 118 (1955). The plaintiffs have not plead fraudulent concealment.
Even if the plaintiffs had properly raised the issue of fraudulent concealment, they have failed to establish fraudulent concealment with respect to any allegations of the complaint. The plaintiff has the burden of proving that the defendant was aware of the facts necessary to establish the relevant cause of action and intentionally concealed those facts from the plaintiff. Connell v. Colwell, 214 Conn. 242,250, 571 A.2d 116 (1990).
It is incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists. Connell v. Colwell, supra. In this case the plaintiffs have failed to establish any such factual predicate with respect to Hudon's alleged fraudulent concealment.
For the foregoing reasons summary judgment is granted as CT Page 9735 to the second count.
By the Court
Aurigemma, J.